CHARLES N. BARNARD & another *vs.* EMMA M. BATES.

Norfolk.   December 8, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil*, Conduct of trial, Exceptions.   *Evidence*, Opinion.

A presiding judge may exclude evidence which he regards as too remote in its bearing upon the issues on trial and thinks would lead to too many collateral issues.

Where an answer or a part of an answer of a witness was unresponsive, the presiding judge may order that it be stricken out, although after the answer other questions have been put to the witness and have been answered by him before the motion to strike out the answer or a part of it is made.

Where a witness is asked whether he made a certain statement as a matter of memory, and answers, " I say that as a matter of opinion," it is proper for the presiding judge to order that the answer be stricken out.

No exception lies to the admission of a preliminary question asking a witness whether he was present at a certain trial, for the purpose of forming the basis for a line of inquiry which is cut off by the answer of the witness that he was not present.

HAMMOND, J.   This was an action upon a promissory note for $6,600, dated March 5, 1903, payable to the order of the plaintiffs, three months after date, and signed by the defendant and others.   Among the defenses set up were these: That the note was given for the accommodation of the plaintiffs, was without consideration and was given to enable the plaintiffs to perform certain agreements relating to the bonds and stocks of the Hampshire and Worcester Street Railway Company, under such circumstances that the plaintiffs are not equitably entitled to maintain this action against this defendant.

At the trial the plaintiffs contended and offered evidence tending to show that the note was given in renewal of a note for the same amount dated March 4, 1902, signed by the said street railway company and others, including the defendant; that this earlier note was discounted by the plaintiffs as brokers, in the usual course of business, at the request of the defendant, and that the proceeds were given to her or to the street railway company at her request.   The defendant admitted that the note sued on was a renewal of the note dated March 4, 1902, but denied that she was a maker of the original, and offered evidence

tending to show that she was an indorser. The defendant denied the claims of the plaintiffs, and the evidence on these matters was conflicting. The jury found for the plaintiffs, and the case is before us upon exceptions of the defendant relating solely to questions of evidence.

1. The notes of December 19, 1901, and the agreement of that date signed by the plaintiffs were properly excluded within the discretion of the court. They had no reference to the note in suit or to the original note of March 4, 1902, of which it was a renewal. Nor does it appear that the note of March 4, 1902, was given in renewal of any part of the notes of December 19, 1901. Indeed it does not appear that these last named notes were not paid at maturity, or that at the time of the trial the defendant contended to the contrary. The defense to the note in suit was not the agreement of 1901, but another express agreement in writing applicable alone to the note in suit, in substance reciting that the plaintiffs would not look to the defendant, a similar agreement having been made as to the note of March 4, 1902. It is manifest that the proof of the agreement as to the notes of 1901 had no tendency to prove the existence of another separate agreement with reference to another separate note. The transactions were different and were over a year apart. The judge well may have regarded the evidence as too remote in its bearing upon the issues on trial, and thought that it would lead to too many collateral issues. No error of law was committed in the ruling excluding these papers.

2. The judge properly ordered to be stricken out a part of the answer given by the witness Bates about the $1,500 check. The part stricken out was not responsive, and the fact that several questions had been put to him and answered between the time the irresponsive answer was given and the time the motion to strike it out was made, is immaterial.

3. In striking out the answer made by Bates to the question as to whether he made a certain statement as a matter of memory,* as well as in admitting the question to Bates as to whether he was present at the trial on the notes given to the East Bridgewater Savings Bank, we see no error. The latter question evidently was merely introductory to a proposed further exam-

---

* The answer stricken out was, " I say that as a matter of opinion."

ination of the witness upon a line of inquiry shut off by his answer that he was not present. The papers B, C and E were properly excluded. Their bearing upon the issues on trial was too remote, to say the least.

We cannot say that in the cross-examination of the defendant too much latitude was given to the plaintiffs in testing her memory.

*Exceptions overruled.*

C. F. *Jenney*, for the defendant, submitted a brief.
T. W. *Streeter*, for the plaintiffs.